UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NKRUMAH HERBERT,

                              Plaintiff,

    -against-

DELTA AIRLINES[1],

                              Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

12-CV-01250 (SLT)(LB)

**TOWNES, United States District Judge:**

*Pro se* plaintiff Nkrumah Herbert filed this action against Delta Air Lines, Inc. ("Delta") on March 14, 2012, alleging causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII"). (ECF No. 1.) On May 29, 2013, this Court granted Delta's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) but granted Mr. Herbert leave to file an amended complaint. (ECF No. 36.) Mr. Herbert filed his amended complaint on June 27, 2013, (ECF No. 37), and Delta renewed its motion to dismiss on September 26, 2013, (ECF No. 43). For the reasons set forth below, the Court grants Delta's motion and dismisses this case with prejudice.

## BACKGROUND

### A. Facts

The Court accepts as true the following facts from Mr. Herbert's original and amended complaints.[2] Delta maintains a "Buddy Pass" program that allows employees' families and

---

[1] Defendant identifies "Delta Air Lines, Inc." as its correct name. (Mem. Supp. 1 at n.1, ECF No. 44.)

[2] "'[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect.'" *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). However, Mr. Herbert's *pro se* status obliges this Court to construe his submissions liberally and interpret them "'to raise the strongest arguments that they *suggest*.'" *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)

-1-

friends to fly standby on Delta at a reduced rate. (Compl. 17, ECF No. 1.[3]) Delta expects its employees to know those persons to whom the employee gives these privileges and warns its employees that misuse of the Buddy Pass benefit program may lead to "disciplinary action, including . . . termination of employment." (*Id.*)

Sometime during or before August 2011, Mr. Herbert gave his Buddy Passes to a co-worker, Americo Sagese, who "said he needed them for his family." (*Id.* at 5.) On August 25, 2011, Mr. Sagese told Mr. Herbert he had used the Buddy Passes to profit from a scheme involving travel between New York and Tel Aviv, Israel. (*Id.*) Mr. Sagese requested and used Buddy Passes from Delta employees beyond Mr. Herbert in advancing this scheme. (Am. Compl. 6, ECF No. 37.) Delta terminated Mr. Herbert's employment on October 13, 2011, "without notice or an explanation." (Compl. 5, ECF No. 1.) Mr. Herbert appealed this action, stating in a letter to Delta that he never "demanded, agreed to, or expected any form of payment from [the] buddy passes" and that giving Buddy Passes to a co-worker or friend did not violate any Delta policy. (*Id.* at 14.) Mr. Sagese wrote in an undated letter that Mr. Herbert never "received or asked for payment" for the Buddy Passes and that Mr. Herbert "is an innocent victim in all of this mess." (*Id.* at 21.) Mr. Sagese also admitted to memorizing Mr. Herbert's log-on information by observing Mr. Herbert without his knowledge. (*Id.*) Delta informed Mr.

---

(emphasis in original). To this end, the Court reads Mr. Herbert's original and amended complaints together. *See, e.g., Nichairmhaic v. Dembo*, No. 3:13-CV-01184 (JCH), 2013 WL 6385041, at *1 n.1 (D. Conn. Dec. 4, 2013) (reading *pro se* plaintiff's original and amended complaints together "in order to give the strongest effect to the allegations"). The Court refers to Mr. Herbert's original and amended complaints, read together, as the "amended complaint." The Court notes that reading the complaints together does not affect the Court's disposition of this motion.

[3] Because the original and amended complaints are not consistently paginated, these citations refer to the page numbers stamped by the Court's Electronic Case Filing system.

Herbert in a letter dated December 5, 2011, that it denied his appeal and had terminated his employment "for violation of Delta's pass travel policy." (*Id.* at 13.)

Mr. Herbert filed his charge of discrimination ("Charge") with the New York State Division of Human Rights ("NYSDHR") and Equal Employment Opportunity Commission ("EEOC") on December 6, 2011. (Am. Compl. 8–9, ECF No. 37.) Mr. Herbert identified himself on his Charge as a "Black male" but listed retaliation as the only basis for discrimination. (*Id.* at 8.) Mr. Herbert described Delta's discrimination against him as "on the basis of retaliation when I was discharged for allegations of wrongfully misusing the pass." (*Id.*) He further explained he won an appeal in an unrelated criminal case in Philadelphia in April 2010 and that he felt Delta retaliated against him "because Delta did not want to wait until my court proceedings were finished in Philadelphia." (*Id.*) Mr. Herbert apparently could not receive an aeronautical area clearance until that case had resolved. (*Id.*) He believed that Delta used the Buddy Pass situation as an excuse to terminate his employment. (*Id.*) On December 28, 2011, the EEOC issued Mr. Herbert a notice of dismissal and right to sue. (*Id.* at 7.)

**B. Procedural History**

Mr. Herbert filed his original complaint on March 14, 2012, identifying the Americans with Disabilities Act of 1990 as the statutory basis for his federal claims. (ECF No. 1.) Because Mr. Herbert nowhere alleged any disability but checked "race" as the basis for his allegations of discrimination, and because his Charge invoked Title VII rather than the ADA, the Court construed Mr. Herbert's complaint as alleging a violation of Title VII. (*See* ECF No. 36 at 3.) Delta filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on January 14, 2013, arguing Mr. Herbert failed to exhaust available administrative remedies and failed to state a claim for discrimination or retaliation under Title VII. (ECF No. 25.) This Court agreed with

Delta and dismissed Mr. Herbert's complaint without prejudice on May 29, 2013. (ECF No. 36.) Because Mr. Herbert proceeds *pro se*, the Court granted him leave to file an amended complaint. (*Id.* at 7.)

Mr. Herbert timely filed his amended complaint on June 27, 2013. (ECF No. 37.) Although the Court's decision granting Mr. Herbert leave to amend set forth his original complaint's deficiencies, Mr. Herbert's amended complaint differs from his original complaint in only a few respects, none of which materially helps Mr. Herbert's case. Mr. Herbert's amended complaint now identifies Title VII as the statutory basis for his claims. (*Id.* at 1.) The amended complaint does not, however, include any new allegations or attachments. Instead, it simply restates the same basic allegations regarding Delta's termination of Mr. Herbert's employment and Mr. Sagese's misuse of Mr. Herbert's Buddy Passes. (*Id.* at 6.) The amended complaint again attaches Mr. Herbert's Charge and right-to-sue letter. (*Id.* at 7–9.) Delta renewed its motion to dismiss on September 26, 2013, again arguing Mr. Herbert failed to exhaust his administrative remedies and did not state a claim upon which this Court may grant relief. (ECF No. 44.) Mr. Herbert filed an opposition, (ECF No. 45), and Delta filed no reply.

## STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). To survive a motion to dismiss, a complaint must allege sufficient facts "to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citation omitted).

In ruling on a motion to dismiss, a court "may consider 'the facts as asserted within the four corners of the complaint' together with 'the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference.'" *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation omitted). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation omitted).

## DISCUSSION

### A. Exhaustion

Plaintiffs bringing a Title VII claim in federal court "must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (citations omitted). Exhaustion of administrative remedies operates as a precondition to suit "'that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Francis v. City of New York*, 235 F.3d 763, 767 (2d Cir. 2000) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). The Second Circuit has "'recognized, however, that claims that were not asserted before the EEOC may be pursued in a

subsequent federal court action if they are reasonably related to those that were filed with the agency.'" *Deravin*, 335 F.3d at 200 (citation omitted). "'A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.'"[4] *Id.* at 200–01 (citation omitted). Courts therefore consider whether the charge gave the EEOC "adequate notice to investigate discrimination on both bases." *Id.* at 202. "This exception to the exhaustion requirement 'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering.'" *Id.* at 201 (alteration in original) (citation omitted).

Mr. Herbert's Charge lists "retaliation" as the only basis for discrimination, leaving the "race" box unchecked. (Am. Compl. 8, ECF No. 37.) Nevertheless, courts should "focus . . . 'on the factual allegations made in the [EEOC] charge itself'" when determining whether claims qualify as reasonably related. *Deravin*, 335 F.3d at 201 (alteration in original) (quoting *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002)); *see also Alonzo v. Chase Manhattan Bank, N.A.*, 25 F. Supp. 2d 455, 458 (S.D.N.Y. 1998) ("[I]t is substance of the charge and not its label that controls."). Mr. Herbert's Charge contains a brief narrative description of the basis for his claims. (*See* Am. Compl. 8–9, ECF No. 37.) This narrative makes no mention of race-based discrimination. (*See id.*) The narrative instead provides two non-actionable bases for his termination: the misuse of Delta's Buddy Pass system and the delay in obtaining a certain

---

[4] Claims may also qualify as "reasonably related" to an EEOC charge in two other situations: where the "claim is one alleging retaliation by an employer against an employee for filing an EEOC charge" and "where a plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402–03 (2d Cir. 1993) (citations omitted). Neither situation applies here.

clearance due to a pending criminal matter in Philadelphia. (*Id.* at 8.) Mr. Herbert thus cannot benefit from the "reasonably related" exception to the exhaustion requirement. *See Young v. U.S. Dep't of Homeland Sec.*, No. 10 Civ. 9571(RJS), 2011 WL 6057849, at *3 (S.D.N.Y. Dec. 5, 2011) ("While Plaintiff's failure to check the boxes on his [agency] form . . . alone is not fatal to excusing his failure to exhaust those claims, the total absence of allegations supporting either claim is.").

This Court's previous order dismissing Mr. Herbert's case and granting leave to amend identified this deficiency. (*See* ECF No. 36 at 5–6.) Despite the Court's liberal construction of Mr. Herbert's submissions, he provides no argument or factual basis permitting the Court to find he has cured this deficiency. In any event, even if Mr. Herbert could successfully show exhaustion of his administrative remedies, he still fails to state a claim upon which this Court may grant relief.

### B. Retaliation

Mr. Herbert's amended complaint asserts a claim for retaliation under Title VII. (Am. Compl. 3, ECF No. 37.) To state a claim for retaliation under Title VII, a plaintiff must allege facts that would tend to show that: "(1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007) (citation omitted). Protected activities include "oppos[ing] an act or practice of discrimination based upon race, color, religion, sex, national origin, age or disability" or "participat[ing] in any manner in an investigation, proceeding or hearing under [Title VII]." *Troccoli v. Target Store No. 1108*, No. 13-CV-00627 (SJF)(WDW), 2013 WL 2023983, at *3 (E.D.N.Y. May 13, 2013). Mr. Herbert's amended complaint does not even

suggest he engaged in a protected activity. Mr. Herbert therefore fails to state a claim for retaliation under Title VII.

### C. Discrimination

Mr. Herbert's amended complaint identifies "race" as another basis for discrimination. (Compl. 3, ECF No. 1.) Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "To state a claim for employment discrimination under Title VII, a plaintiff must allege that she suffered an adverse employment action because of her race, color, religion, sex, or national origin." *Lawtone-Bowles v. City of New York, Dep't of Sanitation*, No. 13 Civ. 1433(JGK), 2014 WL 2429070, at *5 (S.D.N.Y. May 30, 2014) (citing 42 U.S.C. § 2000e–2(a)). "Although a plaintiff need not allege each element of a prima facie claim to survive a motion to dismiss, the facts alleged must support a plausible inference of discrimination on the basis of a protected characteristic." *Id.* (citation omitted). The fundamental element of a discrimination claim is "that 'the discrimination must be *because of* [a protected characteristic].'" *Patane*, 508 F.3d at 112 (emphasis in original) (citation omitted). Although Mr. Herbert identifies himself as a "Black male" in his Charge, he offers no facts to even suggest Delta terminated his employment because of his race. The Court must therefore dismiss this claim. *See id.* at 112–13; *Lawtone-Bowles*, 2014 WL 2429070, at *5 (dismissing Title VII claim that alleged membership in protected classes but did not "allege[] any facts that yield an inference that [plaintiff] was discharged because of her membership in these protected classes").

### D. Leave to Amend

Delta asks this Court to deny Mr. Herbert leave to amend a second time. (ECF No. 44 at 5–6.) Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Courts must generally grant *pro se* litigants at least one opportunity to replead "'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Nonetheless, courts may deny leave to replead where amendment qualifies as futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that courts should deny *pro se* litigants leave to replead where repleading would be futile).

This Court previously granted Mr. Herbert leave to replead, identifying his original complaint's deficiencies. (*See* ECF No. 36 at 5–7.) Mr. Herbert's amended complaint fails to correct any of these deficiencies. Review of Mr. Herbert's first amended complaint leads to the conclusion that the Court lacks a basis to believe further amended pleadings would fare any better. *See Barsella v. United States*, 135 F.R.D. 64, 66–67 (S.D.N.Y. 1991) (denying *pro se* plaintiff leave to amend where amended complaint failed to correct any deficiencies court had previously pointed out to plaintiff). Moreover, amendment would be futile because Mr. Herbert did not exhaust his administrative remedies. Mr. Herbert's amended complaint is therefore dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Delta's motion to dismiss (ECF No. 43) is granted and Mr. Herbert's amended complaint is dismissed with prejudice. The Court respectfully requests the Clerk of Court close the case.

**SO ORDERED.**

                                                   S/
                                        SANDRA L. TOWNES
                                        United States District Judge

Dated: September 26, 2014
Brooklyn, New York